UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| LAWRENCE SPIES, SR., et al.;<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>EL DORADO COUNTY, et al.;<br><br>　　　　Defendants. | CIV. NO.: 2:16-02232 WBS GGH<br><br>MEMORANDUM AND ORDER RE: MOTION TO DISMISS |

----oo0oo----

　　　　Plaintiffs Lawrence Spies, Sr., and Linda Spies brought this action against defendants El Dorado County, California Forensic Medical Group, Inc., Marshall Medical Center ("Marshall Medical"), John D'Agostini, Randy Peshon, Matt Foxworthy, Jackie Noren, Robin Hope, Dr. Raymond Herr, Lisa Issacson, Dr. Taylor Fithian, Mark Hangebrauck, Dr. John Skratt, and Dr. Alexis Lieser for the care and treatment of Lawrence Spies, Jr., prior to his suicide in the Placerville Jail.  Before the court is defendant Marshall Medical's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction.

1

I.   Factual and Procedural History

Officer Hangebrauck arrested the decedent on a misdemeanor driving under the influence of alcohol charge on the evening of September 18, 2015.  (Compl. ¶¶ 48, 50 (Docket No. 1).)  During his arrest, the decedent's mother allegedly informed Officer Hangebrauck and another officer of the decedent's history of hospitalization, attempted suicides, mental health issues, and legal issues.  (Id. ¶¶ 49-52.)

The officers took the decedent to Marshall Medical for medical clearance prior to his incarceration.  (Id. ¶¶ 53-54.)  Plaintiffs allege there is no record that any police officer relayed the information regarding the decedent's suicide risk to Marshall Medical.  (Id. ¶ 55.)  While at the hospital, Dr. Skratt and Dr. Lieser allegedly evaluated the decedent.  (Id.)  The records from that evaluation allegedly note that the decedent seemed depressed and intoxicated.  (Id.)  The doctors and Marshall Medical allegedly did not perform a suicide risk assessment on the decedent and the doctors declared him "fit for incarceration."  (Id.)  Marshall Medical also allegedly had records of a prior incarceration clearance following a psychotic episode by the decedent.  (Id.)

Around 1:20 a.m. on September 19, the officers allegedly took the decedent to the Placerville Jail.  (Id. ¶ 97.)  Prior to booking, the decedent allegedly underwent a medical screening process at the jail where Office Hangebrauck submitted a form indicating the decedent may be a danger to himself and others.  (Id. ¶ 98.)  At the time of the decedent's booking, the only medical official allegedly on duty was licensed vocational

nurse Hope, who recorded the decedent's affirmative answers to suicidal tendencies, noted the decedent was still under the influence of alcohol, and partially completed a "Nursing Assessment of Psychiatric & Suicidal Inmate" form.  (Id. ¶¶ 102-03, 106.)  Following the medical screening, jail officials allegedly placed the decedent in his own cell instead of a sobering cell, "as was mandatory by Title 15."  (Id. ¶¶ 107-08.)  The decedent was dead from an apparent suicide when jail officials found him around 4:45 p.m. on September 19.  (Id. ¶ 109.)

Plaintiffs initiated this action, alleging the following causes of action: (1) 42 U.S.C. § 1983 claims against all defendants except Marshall Medical for violations of decedent's Eighth Amendment rights and due process rights; (2) Monell claim under § 1983 against all defendants except Marshall Medical; (3) wrongful death and medical malpractice claim against Marshall Medical, Dr. Skratt, Dr. Lieser, and certain jail defendants; and (4) failure to supervise claim under § 1983 against certain jail and county defendants.  Marshall Medical now moves to dismiss plaintiffs' sole claim against it for wrongful death and medical malpractice.

II.  Discussion

Under Federal Rule of Civil Procedure 12(b)(1), the court must dismiss a complaint once the court determines that it lacks subject-matter jurisdiction to adjudicate the claims.  Fed. R. Civ. P. 12(b)(1).  The court presumes a lack of jurisdiction until the party asserting jurisdiction proves otherwise, and once a party challenges subject-matter jurisdiction, the party

asserting that jurisdiction exists bears the burden of proof. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).  Because "[f]ederal courts are courts of limited jurisdiction" that "possess only the power authorized by Constitution and statute," id., a court must dismiss claims over which it has no jurisdiction.  Fed. R. Civ. P. 12(h)(3).

Under 28 U.S.C. § 1367, where a district court has original jurisdiction over a claim, it also has supplemental jurisdiction over "all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."  A state claim is part of the same "case or controversy" as a federal claim when the two "derive from a common nucleus of operative fact" such that the plaintiff "would ordinarily be expected to try them in one judicial proceeding." Kuba v. 1-A Agricultural Ass'n, 387 F.3d 850, 855-57 (9th Cir. 2004) (quoting United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 725 (1966)).

"Only a loose factual connection to the underlying federal claim is required for supplemental jurisdiction purposes." Rhodes v. Placer County, Civ. No. 2:09-00489 MCE KJN, 2011 WL 1302240, at *6 (E.D. Cal. Mar. 31, 2011); see Ammerman v. Sween, 54 F.3d 423, 424 (7th Cir. 1995) ("A loose factual connection between the claims is generally sufficient.").  "If this condition is satisfied, the federal court maintains jurisdiction over the state claims and all other parties--even parties not facing an allegation that they violated federal law." Rhodes, 2011 WL 1302240, at *6 (citing 28 U.S.C. § 1367 and Sea-Land Serv., Inc. v. Lozen Int'l, LLC, 285 F.3d 808, 814 (9th Cir.

4

2002)).

        Plaintiffs' alleged state and federal law claims form part of the same case or controversy.  Here, plaintiffs' federal claims involve the same nucleus of operative fact as their state medical malpractice claim against Marshall Medical--the alleged failure by defendants to properly respond to decedent's medical and mental needs following his arrest.  All of the alleged violations of decedent's rights by defendants occurred over less than twenty-four hours while the decedent was in custody.  (Compl. ¶¶ 48, 109.)  Beginning on the evening of September 18, plaintiffs allege that the officers arrested the decedent with knowledge of his mental history, continuing with the alleged approval of fitness for incarceration by Marshall Medical in light of a previous psychotic episode, an allegedly insufficient evaluation of the decedent at the jail by a licensed vocational nurse, his incarceration in his own cell in violation of statute, and his eventual suicide after allegedly over twelve hours without supervision.  (Id. ¶¶ 48, 51-52, 55, 101-06, 109.)  Thus, the Complaint alleges a temporally connected chain of events.

        Severing the chain of events at the time of the decedent's admittance into Marshall Medical also makes little sense because the events preceding his admittance and following his release from Marshall Medical are all relevant to plaintiffs' federal claims.  Plaintiffs' allegations regarding the decedent's arrest, the events preceding decedent's examination at Marshall Medical, and whether officers conveyed the decedent's suicide risk to Marshall Medical also provides context to the decedent's alleged treatment at Marshall Medical and Marshall Medical's

1 culpability.  The federal and state law claims therefore involve
2 overlapping periods of time, similar of facts, and overlap of
3 witnesses and evidence.  (See id. ¶¶ 55, 125-26, 141-42.)  This
4 is more than "[a] loose factual connection between the claims."
5 Ammerman, 54 F.3d at 424; see Rhodes, 2011 WL 1302240, at *6-7
6 (finding that numerous violations of a plaintiff's rights over
7 seven consecutive days by various defendants in a hospital and
8 jail constituted the same case or controversy to grant
9 supplemental jurisdiction).
10          There is thus a common nucleus of operative fact
11 between plaintiffs' state law claim against Marshall Medical and
12 the claims that the court has original jurisdiction over.
13 Because there is a common nucleus of operative fact, Marshall
14 Medical's alleged actions are part of the same case or
15 controversy and the court has supplemental jurisdiction over
16 plaintiffs' medical malpractice claim against Marshall Medical.
17          IT IS THEREFORE ORDERED that defendant Marshall
18 Medical's motion to dismiss for lack of subject-matter
19 jurisdiction be, and the same hereby is, DENIED.
20 Dated:   December 12, 2016

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE