UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| LAWRENCE SPIES, SR., et al.; | CIV. NO. 2:16-02232 WBS GGH |
| Plaintiffs, | ORDER RE: MOTION TO DISMISS |
| v. | |
| EL DORADO COUNTY, et al.; | |
| Defendants. | |

----oo0oo----

Before the court is the motion defendants Dr. John Skratt, Dr. Alexis Lieser, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss plaintiffs' first and third causes of action for Eighth Amendment and substantive due process violations under 42 U.S.C. § 1983 against them because the Complaint does not allege that they are state actors. (See Defs.' Mot. 6:21-7:3 (Docket No. 30-1)).[1]

---

[1] Dr. Skratt and Dr. Lieser also moved to dismiss the medical malpractice claim for lack of subject matter jurisdiction. (See Defs.' Mot. 9:1-10:4.) However, they withdrew this portion of the motion in light of the court's

1

1  The Complaint contains only conclusory allegations that Dr. Skratt and Dr. Lieser were "acting within the course and scope of th[eir] employment and under color of law." (Compl. ¶¶ 27-28.) Plaintiffs fail to include any factual allegations that they were state actors and rely solely on these conclusory statements. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, in light of information that plaintiffs received from defendant El Dorado County, plaintiffs do not oppose defendants' motion to dismiss their § 1983 claims against Dr. Skratt and Dr. Lieser. (Pls.' Opp'n 7:4-5 (Docket No. 32).)

IT IS THEREFORE ORDERED that the motion to dismiss plaintiffs' first and third causes of action for Eighth Amendment and substantive due process violations under 42 U.S.C. § 1983 as against Dr. Skratt and Dr. Lieser be, and the same hereby is, GRANTED.

Dated: January 17, 2017

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

previous order finding there was supplemental jurisdiction over the medical malpractice claim. (See Defs.' Reply 2:1-5 (Docket No. 33).)