UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE SPIES, SR., and LINDA SPIES, Individually and as Successors in Interest of LAWRENCE SPIES, Jr. (deceased);<br><br>Plaintiffs,<br><br>v.<br><br>EL DORADO COUNTY;CALIFORNIA FORENSIC MEDICAL GROUP, INC.; MARSHALL MEDICAL CENTER; JOHN D'AGOSTINI; RANDY PESHON; MATT FOXWORTHY; JACKIE NOREN; ROBIN HOPE; RAYMOND HERR, M.D.; LISA ISSACSON; TAYLOR FITHIAN, M.D.; MARK HANGEBRAUCK; JOHN J. SKRATT, M.D.; ALEXIS F. LIESER, M.D.; DOES 1-50;<br><br>Defendants. | CIV. NO. 16-02232 WBS GGH<br><br>ORDER RE: MOTION FOR SUMMARY JUDGMENT |

Before the court is defendant Marshall Medical's Motion for summary judgment. (Docket No. 37.) Defendant John J. Skratt ("Dr. Skratt) joins in the Motion.

"Under California law, a hospital is liable for a physician's malpractice when the physician is 'actually employed

1

by or is the ostensible agent of the hospital.'" Sampson v. Ukiah Valley Med. Ctr., Civ. No. 15-160 WHO, 2017 WL 2834001, at *4 (N.D. Cal. June 30, 2017) (citation omitted).[1] "Generally, under California law, ostensible authority is for a trier of fact to resolve and the issue should not be decided by an order granting summary judgment." Whitlow v. Rideout Mem'l Hosp., 237 Cal. App. 4th 631, 639 (3d Dist. 2015) (citation omitted). Ostensible agency can be inferred "from the mere fact that the plaintiff sought treatment at the hospital without being informed that the doctors were independent contractors." Mejia v. Cmty. Hosp. of San Bernardino, 99 Cal. App. 4th 1448, 1457 (4th Dist. 2002). Here, the evidence is disputed as to whether decedent was informed that Dr. Skratt was an independent contractor. Specifically the hospital chart contains an admission form which states "PHYSICIANS ARE INDEPENDENT MEDICAL PRACTIONERS." However, that form is unsigned. (Pls.' Suppl. Br. Ex. B (Docket No. 78-3).) Thus, there is a triable issue of fact as to whether Dr. Skratt was an ostensible agent of Marshall Medical.

Additionally, there are disputed issues of fact as to whether Dr. Skratt's conduct met the applicable standard of care. Defendants' expert witness, Dr. David Barnes, an emergency medicine physician, testified that in his opinion, to a reasonable degree of medical certainty, Dr. Skratt's evaluation of the decedent was within the standard of care. (Decl. of Dr. David Barnes ¶¶ 1, 7 (Docket No. 40).) In response, plaintiffs' expert witness, Dr. Donald Maisel, also an emergency medicine

---

[1] There is no evidence of negligence on the part of the nurses employed by Marshall Medical.

physician, testified that in his opinion, to a reasonable degree of medical certainty, Dr. Skratt's evaluation of the decedent did not meet the applicable standard of care.  (Decl. of Dr. Donald Maisel ¶¶ 1, 19 (Docket No. 54-1).)  Accordingly, the court must deny the Motion for summary judgment as to Dr. Skratt.

        IT IS THEREFORE ORDERED that defendants' Motion for summary judgment be, and the same hereby is, GRANTED IN PART.  Plaintiffs' claims against Marshall Medical, to the extent they are based on the care provided by the nurses working at Marshall Medical, are hereby DISMISSED.  Remaining in this case are plaintiffs' claims for wrongful death and professional negligence against Dr. Skratt, individually, and Marshall Medical to the extent they are based on Dr. Skratt's care.

Dated:   January 22, 2018

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE