UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE SPIES, SR., et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>EL DORADO COUNTY, et al.,<br><br>    Defendants. | No. 2:16-cv-02232-WBS-GGH<br><br>ORDER |

      Plaintiff's Motion to Amend the Pretrial Scheduling Order to permit a 30(b)(6) deposition to be taken of defendant Marshall Medical Center was heard on the court's regular law and motion calendar. Plaintiff was represented by attorney Stewart Katz and responding defendant was represented by attorneys Kat Todd and Chad Cochet.

      Plaintiff sought to depose the Medical Center (again) regarding the handling of decedent Lawrence Spies, Sr.'s pre-incarceration medical examination, and sought documents said to be relevant to that examination including any guidelines available at the Medical Center for use by a physician examining a potential incarceree such as Mr. Spies. The joint statement of the parties outlining the issues and letters exchanged by the parties relevant to the dispute regarding that requested examination indicated that the Medical Center had been previously deposed pursuant to Federal Rule of Civil Procedure 30(b)(6). Second depositions of the same deponent are generally

1

precluded by the Federal Rules. Fed. R. Civ. P. 30(b)(2)(A)(ii).

Specifically, at issue was a form allowing an examining physician to utilize to document a conclusion about a patient's fitness for incarceration with a short box for comments, if any. See ECF No. 111.2. Plaintiff previously took the deposition of hospital personnel who testified that the hospital does not possess such forms. Plaintiff has demonstrated that with respect to a previous incarceration of Mr. Spies, the form in question was utilized by an examining physician at Marshall Medical Center, although it is not clear whether the form was extant in the hospital, or whether it was brought to an examination by law enforcement personnel. Plaintiff believes, therefore, that the hospital personnel "lied" about use of the form. Plaintiff at first argued that the materiality of a new, "corporate" deposition would be simply its use for impeachment purposes. Later, plaintiff argued that the existence of the form might give rise to discovery of hospital "policies" governing use of the form, and hopefully (from plaintiff's viewpoint) give rise to conduct inconsistent with the policies. However, there is no evidence that any such policies exist; plaintiff merely speculates that such might be in existence.

Plaintiff first argued that the second Rule 30(b)(6) was permitted because defendant had stipulated to the second deposition. Fed. R. Civ. P. 30(a)(1). However, plaintiff's reference to a communication between counsel, ECF No. 111.3, tentatively discussing scheduling a [second] Rule 30(b)(6) deposition, is too tentative and ambiguous to constitute a stipulation. While the undersigned does not believe that a formal "it is so ordered" stipulation is necessary in order for the stipulation provision of Rule 30 (a)(1) to be effective, something more than initial discussions regarding the possible scheduling of a deposition are necessary before a "stipulation" comes into effect.

Next, the parties dispute whether an entity is a "person" in determining whether the prohibition against second depositions comes into effect. Plaintiff asserts that the Rule 30 (a)'s use of "person" and not entity, negates the need for court approval for a second deposition of a corporate entity. Although Rule 30(a)(1) uses the term "person" in setting forth the general rule of allowing depositions without leave of court, the exceptions to the general rule -- here the prohibition against taking a second (or third, or fourth) deposition of the same deponent without

leave of court -- Rule 30(a)(2)(A)(ii) uses the term "deponent" and not "person." Plaintiff's grammatical argument loses much of its force when actually reviewing the varying words used. Nor would much of the remainder of Rule 30 make sense if only natural persons were being referenced. For example, Rule 30(b)(1) requires a formal "notice" if a party desires to depose a "person." Plaintiff would have one believe that no notice is therefore required for a corporate deponent because they are not "persons." Further, Rule 30(a) allows noticing a deposition of a "person" without leave of court subject to exceptions set forth in subsection (2). If plaintiff's interpretation were correct, all organization entity depositions could never proceed except with leave of court because, as the argument goes, entities are not "persons." Clearly, however, corporate or entity depositions can be noticed without leave of court subject to the same exceptions applicable to "persons." The undersigned finds the cases cited by defendant, In re Sulfuric Acid Antitrust Litigation, 2005 WL 1994105 at *3 (N.D. Ill. 2005) and State Farm Mut. Auto. Ins. Co. v. New Horizon, Inc., 254 F.R.D. 227, 235 (E.D. Pa. 2008), to be more persuasive than plaintiff's cited contrary cases.[1]

The court sought to determine the materiality of the information to be developed at the deposition if permission were given to proceed with it, but plaintiff's counsel was unable to articulate any basis beyond a potential to develop impeachment evidence, or a desire to obtain policies, if they exist at all, regarding use of the form. These representations were insufficiently convincing to the court insofar as they appeared to be based on a slim hope rather than a realistic possibility much less a likelihood. If the form at issue required more than a mere conclusion, i.e., it was some sort of checklist of attributes useful to determine the fitness for and the propriety of incarcerating a person, there might have been good reason to require this second deposition. However, the form, much like a general discharge form, only asked for the physician's ultimate fitness conclusion with a small box for optional comments. The speculative, doubtful possibility that substantive policies exist about use of a conclusionary form (one which appears to be law

---

[1] The issue here is different from whether plaintiff could notice a Rule 30(b)(6) deposition on several issues, even if more than one person would be designated to testify. The noticed deposition here would be a second corporate deposition after the first deposition, on whatever issues, had been terminated.

3

enforcement generated) does not weigh in favor of scheduling a second deposition.  Ultimately, plaintiff was left to argue for a deposition on the mere possibility that the previous corporate deponent may have been incorrect about the hospital's possession of the form—quintessential impeachment on a collateral matter.

In light of the foregoing IT IS HEREBY ORDERED that:

1. Plaintiff's Motion to Amend the Scheduling Order and to Compel further discovery responses in the form of document production and testimony pursuant to Federal Rule 30(b)(6) is DENIED.

Dated: July 24, 2018

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE